JOSEPH PERRY, d. b. a., *vs.* THOMAS N. STAYTON, p. b. r.

1.  SALES—ACTION FOR PRICE—COMPLAINT.

In an action for goods sold and delivered, counts of the complaint which charge that the goods were bargained and sold to the defendant, and delivered at his instance and request to another person, are not insufficient, as based on a contract of sale without consideration.

2.  PLEADING—ACTION FOR PRICE—SEPARATE COUNTS ON SAME CAUSE OF ACTION.

Though a complaint in an action for goods sold and delivered contains

counts charging a sale and delivery to the defendant, joined with others charging a sale and delivery to a third person at the instance and request of defendant, and others charging a sale to the defendant and a delivery at his instance to a third person, it is not defective for joining inconsistent causes, as the object of such counts is merely to guard against a material variance in the proof.

**3. Sales—Actions—Question for Jury.**

Where, in an action for goods sold and delivered, the evidence is conflicting as to whether the defendant either ordered the goods in question or secured the payment therefor by a third person, the question as to whether or not he purchased the goods was properly for the jury.

**4. Evidence—Preponderance.**

In an action for goods sold and delivered, the verdict of the jury should be determined from a preponderance of the evidence, by which is meant the weight, and not merely the number of witnesses called and examined.

*(November 16, 1911.)*

Judges Boyce and Rice sitting.

*Hugh M. Morris* (of *Saulsbury, Ponder* and *Morris*) for appellant.

*Leonard E. Wales* for respondent.

Superior Court, New Castle County, November Term, 1911.

Appeal (No. 69, September Term, 1911) from a justice of the peace.

After disposing of the demurrer to the pro narr, the case was put to issue and left upon the trial calendar. The facts fully appear in the charge to the jury.

The defendant demurred to the plaintiff's declaration upon the following grounds, viz.:

1. For That the said pro narr, or declaration is ambiguous and inconsistent, in the several counts thereof, because it is alleged in the fourth and fifth counts that the goods mentioned and set forth in the bill of particulars and forming the basis of the present suit, were sold and delivered to the defendant below appellant, at his special instance and request; and in the first, second and third counts, it is alleged that said goods were, at the same time, sold and delivered to one Jim or James Tigani, at the instance and request of the defendant below appellant; and it is further alleged, in and by the sixth and seventh counts that said goods were at the same time bargained and sold to the defendant below appellant; and delivered, at his instance and request to one James Tigani.

2. FOR THAT in said pro narr or declaration there has been a misjoinder of separate and independent causes of action.

3. FOR THAT the said pro narr or declaration in the several counts therof, is defective, uncertain and confused in attempting to put in issue contrary and repugnant matters, in connection with one and the same transaction.

4. FOR THAT the sixth and seventh counts of said pro narr or declaration are defective in that it is alleged that a certain contract existed on the first day of June, A. D. 1911, between the plaintiff below respondent and the defendant below appellant, with regard to certain goods, wares and merchandise previously bargained and sold to the defendant below appellant, and delivered to one James Tigani—the said contract, being void with respect to the said defendant below appellant, under the Statute of Frauds, for lack of consideration. That said counts are uncertain, indefinite and insufficient in other respects.


BOYCE, J., delivering the opinion of the court:

[1] The court has considered the questions raised by the demurrer filed. Counsel for defendant concedes that each count standing alone is good except the sixth and seventh, it being alleged that the last two counts are based on a contract of sale of goods, wares and merchandise without consideration. These two counts are practically in the language of *Chitty*, and show a sufficient consideration.

[2] It was urged by counsel for defendant that the plaintiff had by the several counts averred several causes of action which are inconsistent. In *Gould's Pleadings, Chap.* 4, § 3, it is said:

"In all cases, however, in which there are two or more counts —whether there is actually but one cause of action, or several— each count purports, upon the face of it, to disclose a distinct right of action, unconnected with that stated in any of the other counts: So that, upon the face of the declaration, there appear to be as many different causes of action, as there are counts inserted. And, therefore, whether a plaintiff, whose declaration contains more than one count, claims a recovery upon one right of action only, or upon several, cannot appear, except in evidence.

Practically, however, the defendant can seldom be left in doubt on this point."

Mr. Morris' contention in support of his declaration is sustained by Mr. Gould in the following section:

"One object proposed in inserting two or more counts in one declaration, when there is in fact but one cause of action, is, in some cases, to guard against the danger of an insufficient statement of the cause, where a doubt exists as to the legal sufficiency of one or another of two or more different modes of declaring. But the more usual and proposed, in inserting more than one count, in such a case, is to accommodate the statement of the cause, as far as may be, to the possible state of the proof to be exhibited on the trial: or to guard, if possible, against the hazard of the proof's varying materially from the statement of the cause of action: So that if one or more of the several counts should not be adapted to the evidence, some other of them may be so."

We think the defendant here cannot be left in any doubt, because the plaintiff has annexed to his declaration a bill of particulars. The declaration and the several counts therein are good.

We overrule the demurrer.

At the election of defendant's counsel let judgment of *responeat ouster* be entered.

At the trial, a witness for the defendant was asked by defendant's counsel, "Do you know the general reputation of Joseph Perry, the defendant, in this community for honesty and fair dealing?" This was objected to by counsel for plaintiff as improper and irrelevant in a civil case. The objection was sustained. The facts and questions presented appear in the charge of the court.

RICE, J., charging the jury:

Gentlemen of the jury:—This controversy concerns certain goods which the plaintiff, Thomas N. Stayton, claims he sold and delivered at Eighth and King streets, in this city, to be charged to and paid for by Joseph Perry, the defendant.

The plaintiff, who had a place of business at Third Street market, claims that Joseph Perry, the defendant, in the last part of 1910 or first part of 1911, with one Tigani came to the plaintiff's place of business and stated to him that he, Perry, was about to open another place at Eighth and King streets, and that Tigani was to be in charge of the store at Eighth and King streets, and the goods bought for that place were to be charged to Joseph Perry, the defendant, and he further claims that the defendant is indebted to him in the sum of one hundred and forty-eight dollars and fifty-nine cents, with interest thereon from June 1, 1911, for goods sold to the account of Joseph Perry and delivered at Eighth and King streets, on various days from May 9, 1911, to May 27, 1911.

The defendant claims that he did go, during the month of December, of last year, with one Tigani, to the plaintiff's place of business, and request the plaintiff to extend the time for payment of a bill then owed by Tigani, and then Tigani would pay the same; that Tigani was not a stranger to the plaintiff, and that he did not take Tigani to the plaintiff and introduce him to be the person in charge of a place to be opened by him, the defendant, at Eighth and King streets; and he further claims that he did not buy the goods in question, nor did he direct that they be charged to his account, and that he was not the owner of the business at Eighth and King streets.

[3] The questions in this case are of facts and the issue is a very narrow one. The matter for your determination is whether Joseph Perry, the defendant, either himself or through Tigani, did or did not purchase the goods, the subject of this suit, delivered at Eighth and King streets, by the plaintiff and for which the plaintiff has not been paid.

If you believe from the evidence that Perry did purchase the goods in question of the plaintiff, or that he authorized the plaintiff to charge to him, Perry, goods ordered by Tigani for the place at Eighth and King streets, then your verdict should be for the plaintiff for the sum of one hundred and forty-eight dollars and fifty-nine cents with interest from June 1, 1911.

But if, on the other hand, you should find from the evidence

that Joseph Perry, the defendant, did not buy the goods in question, either himself, or through his authorized agent, or did not authorize the plaintiff to charge to him the goods ordered by Tigani of the plaintiff and delivered at Eighth and King streets, your verdict should be for the defendant.

The sole question really for your determination from the evidence is whether the defendant entered into an original undertaking with the plaintiff, that he the plaintiff should charge to the defendant's account, goods ordered by himself or by Tigani to be delivered by the plaintiff at Eighth and King streets.

If you find that he did enter into such an undertaking, your verdict should be for the plaintiff; otherwise, it should be for the defendant. Where the evidence is conflicting, as it is in this case, it is for you to reconcile it if you can; if you cannot, then you should give credence to that part of the testimony which you believe most worthy of belief, and reject that part which you consider unworthy of belief.

[4] Your verdict should be determined from the preponderance of the evidence, and by a preponderance of the evidence is meant the weight of the evidence, not merely the number of witnesses called and examined. The weight of the evidence is for your determination.

Verdict for plaintiff.